UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SOLOMON HUMES,

    Plaintiff,

v.

MICHAEL TYRONE CLEMONS, and
KNIGHT-SWIFT TRANSPORTATION
HOLDINGS, INC.,

    Defendants.

## DEFENDANTS' AMENDED NOTICE OF REMOVAL

Defendants, MICHAEL TYRONE CLEMONS ("Clemons") and KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. ("Knight") (collectively, "Defendants"), by and through undersigned counsel, hereby removes the above-captioned action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled as *Solomon Humes, et al. v. Michael Tyrone Clemons, et al.*, Case No. 2021-CA-024823, to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support thereof, Defendants state as follows:

**I. The State Court Action**

1. Plaintiff, Solomon Humes, commenced this action against Defendants on November 9, 2021 by way of filing Plaintiff's Complaint with Eleventh Judicial Circuit in and for Miami-Dade County. A copy of Plaintiff's Complaint is attached as **Exhibit 1.**

2. Defendant, Knight, was served with Plaintiff's Complaint on or about February 18, 2022. *See* Return of Service, attached as **Exhibit 2**.

3. However, Plaintiff has not yet accomplished service upon Defendant, Clemons. *See* Return of Non-Service, attached as **Exhibit 3**.

4. Plaintiff's Complaint consists of two counts. It asserts one claim of direct negligence against Clemons and one claim of vicarious liability against Knight based on a motor vehicle accident that occurred in Miami-Dade County, Florida on or about September 14, 2020 ("Subject Incident").

5. The Complaint alleges that Plaintiff was and is a resident of Broward County, Florida. *See* Complaint, **Exhibit 1**, ¶ 2.

6. Plaintiff incorrectly alleges in his Complaint that Clemons, who was domiciled in Virginia at the time of the incident and a citizen of Delaware at the time of filing of Plaintiff's Complaint, was and is also a resident of Broward County, Florida. *See* **Exhibit 1**, ¶ 3.

7. The Complaint also alleges that Knight "was and is a foreign corporation and maintains a property for the regular transaction of its business in Miami-Dade County, Florida." *See* **Exhibit 1**, ¶ 4.

8. However, the amount in controversy is not ascertainable from the face of the Complaint because the Complaint only contends that Plaintiff's damages are in excess of $30,000. *See* **Exhibit 1**, ¶ 1.

9. On March 7, 2022, Plaintiff counsel sent Defendants' counsel an email correspondence indicating that Plaintiff's post-suit demand to resolve his claims is in the amount of Knight's policy limits, which far exceeds $75,000.[1]

10. Subsequently, on March 17, 2022, Plaintiff counsel sent correspondence to the undersigned indicating an amount of past medical expenses incurred by Plaintiff that also far exceeds $75,000.[2]

## II. Memorandum of Law in Support of Removal

### a. Removal is Timely Pursuant 28 U.S.C. §1446(b).

11. A notice of removal typically must be filed within thirty days after receiving the initial pleading or service of summons in the state court action. *See* 28 U.S.C. §1446(b).

12. Plaintiffs' Complaint is the initial pleading setting forth the claim for relief upon which Plaintiffs' action is based. While the thirty (30) day time period commenced for Knight on February 16, 2022 when Plaintiff accomplished service of the Complaint, the thirty day period as to Clemons has not yet begun. *See* **Exhibits 2 and 3**.

13. After service of Plaintiff's Complaint on Knight, Plaintiff's counsel sent email correspondence to Defendants' counsel confirming Plaintiff's post-suit demand was the same amount as the presuit demand, followed by subsequent correspondence ten days later, on March 17, 2022, to complete the post-suit demand by confirming the present total medical expenses incurred for the treatment of Plaintiff's alleged injuries resulting from the September 14, 2020 Subject Incident.

---

[1] Defendants will provide a copy of the referenced correspondence to the Court upon request for an in camera inspection.

[2] Defendants will provide a copy of the referenced correspondence to the Court upon request for an in camera inspection.

14. A defendant may remove based on either the plaintiff's initial pleading, "or a copy of an amended pleading, motion, order, **or other paper**." 28 U.S.C. § 1446(b)(3) (emphasis added).

15. As to Plaintiff's March 17, 2022 correspondence concerning Plaintiff's post-suit demand (*other paper*), this Court routinely permits the use of post-suit demand communications in determining the amount in controversy. *See* Aguirre v. Wal-Mart Stores E., LP, 17-61023-CIV, 2017 WL 3017502, at *2 (S.D. Fla. July 15, 2017); Musser v. Walmart Stores E. L.P., 16-CV-62231, 2017 WL 1337477, at *3 (S.D. Fla. Apr. 2, 2017); Nachamkin v. Garden Fresh Rest. Corp., 14-CV-80917, 2014 WL 12611360, at *2 (S.D. Fla. Oct. 10, 2014).

16. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial Circuit Court in and for Miami-Dade County, where the instant case will be transferred from, is located in Miami, Florida. Moreover, the Subject Incident purportedly occurred in Miami, Florida. *See* **Exhibit 1**, ¶¶ 5 – 6.

    **b.**    **Removal is Proper as the Parties Have Complete Diversity of Citizenship.**

17. The parties in this matter are citizens of different states as set forth in 28 U.S.C. §§1332(a)(1) and 1332(c)(1).

18. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Kantrow v. Celebrity Cruises Inc., 533 F. Supp. 3d 1203, 1214 (S.D. Fla. 2021). For a natural person, citizenship is equivalent to "domicile." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom ...." McCormick, 293 F.3d at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).

19.     Plaintiff is a citizen of the state of Florida. To this, Plaintiff himself states in his Complaint that he was and is a resident of Broward County, Florida at all times material. *See* **Exhibit 1**, ¶ 2. "It is well established that a party's residence is prima facie evidence of a party's domicile." Katz v. J.C. Penney Corp., Inc., 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009). As further confirmation of Plaintiff's citizenship, we direct you to the redacted Florida Highway Patrol Traffic Crash Report, which indicates Plaintiff's home address in Miramar, Florida, which falls within Broward County, Florida, as well as the Broward County Complaint for Eviction and Damages filed against Plaintiff for eviction from real property in Broward County, Florida. *See* page 2 of the FHP Traffic Crash Report and Complaint for Eviction and Damages, ¶ 1, attached hereto as **Composite Exhibit 4.** Taken together, these documents establish not only Plaintiff's residency within the state of Florida, but also his intent to remain within the state of Florida.[3] *See e.g.,* Smith v. Marcus & Millichap, Inc., 991 F.3d 1145, 1149 (11th Cir. 2021); McCormick, 293 F.3d at 1257-58.

20.     Although Clemons is alleged to be a resident of Broward County, Florida at the time of the Subject Incident, Clemons was not then nor has he ever resided or been domiciled within the state of Florida. *See* **Exhibit 1**, ¶ 3.  Rather, at the time of Incident, Clemons resided and was domiciled in Richmond, Virginia. Similarly, at the time of filing of Plaintiff's Complaint, Clemons was, and still is, a citizen of the State of Delaware. *See* Affidavit/Declarations of Michael T. Clemons, attached hereto as **Exhibit 5,** and the copy of Clemons' driver's license attached hereto as **Exhibit 6.**

---

[3] In the event the Court doesn't find the attached evidence sufficient to establish citizenship, we would request a limited in scope jurisdictional deposition of Plaintiff in the next 30 days. Alternatively, Defendants' would request a 30-day extension to compile additional evidence to satisfy the Court's inquiry.

21.     Further, Knight was, and remains, incorporated under the laws of the State of Delaware. *See* **Exhibit 1**, ¶ 3; Fourth Amended & Restated Certification of Incorporation, attached hereto as **Exhibit 7**. *See also* Arizona Office of the Corporation Commission, 2021 Foreign For-Profit Annual Report, attached hereto as **Exhibit 7**.

22.     At no material time has Knight been a citizen of Florida. Further, the Complaint does not allege that Knight's activities in Miami-Dade County, Florida are where its "officers direct, control, and coordinate the corporation's activities" or "maintain its headquarters" to constitute as its principal place of business. *See* Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (addressing a corporation's principal place of business for diversity jurisdiction purposes as "its nerve center.").

    **c.** **Defendants met the amount in controversy requirement.**

22.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2)(B) (addressing "preponderance of the evidence" standard).

23.     In the present matter, it is clear from Plaintiff's communicated post-suit demand mirroring his presuit demand that Plaintiff's claimed damages and supporting documentation exceed the jurisdictional threshold of $75,000. *See* Aguirre, 2017 WL 3017502, at *2.

24.     The Court is also permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable and the amount in controversy has been met. Roe v.

Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)).

25. Accordingly, Defendants plausibly meet the amount in controversy requirement.

**III. Reservation of Rights and Objections**

26. This Notice of Removal does not waive any objections Defendants may have regarding defects in process or service of process, jurisdiction, venue or any other defense.

27. Defendants expressly reserve the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted within this Notice of Removal.

28. If questions arise as to the propriety of the removal of this action, Defendants respectfully request the opportunity to file a brief or further evidence, and to make an oral argument in support of removal.

**IV.     Conclusion**

29. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists because Plaintiff is a citizen of Florida, Defendant Clemons is a citizen of Delaware, and Defendant Knight is an Arizona company, as detailed above.

30. Defendants therefore respectfully request that this action proceed in this Court as a properly removed action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  April 22, 2022

Respectfully submitted,

*/s/ R. Daniel Knuth*
**RYAN D. SCHOEB, ESQ**.
Florida Bar No. 109257
**R. DANIEL KNUTH, ESQ.**
Florida Bar No. 1003030
**WOOD, SMITH,
HENNING & BERMAN LLP**
1501 S. Church Avenue, Suite 200
Tampa, Florida 33629
Tel.: 813-422-6925
Fax.: 813-425-6983
rschoeb@wshblaw.com
dknuth@wshblaw.com
lswilson@wshblaw.com
*Counsel for Knight-Swift Transportation Holdings, Inc.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this April 22, 2022, a copy of the foregoing was served via the Florida e-Portal filing system which will send notice to all counsel of record.

*/s/ R. Daniel Knuth*
**R. DANIEL KNUTH, ESQ.**