# EXHIBIT 1

Filing # 143853718 E-Filed 02/14/2022 12:15:17 PM

| | | |
|---|---|---|
| X IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION**<br>X CIVIL ☐ OTHER<br>☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>21-024823 CA 01 (27) |
| **PLAINTIFF(S)**<br>SOLOMON HUMES, | **VS. DEFENDANT(S)**<br>MICHAEL TYRONE CLEMONS and<br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC, | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): **KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.**

By Serving Its Registered Agent: **NATIONAL REGISTERED AGENTS, INC.**
**3800 N CENTRAL AVENUE, SUITE 460**
**PHOENIX, AZ 85012**

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Marcel Flemming, Esq., Morgan & Morgan, P.A.

whose address is: 703 Waterford Way, Suite 1000, Miami, Florida 33126
(305) 929-1900
mflemming@forthepeople.com; cgarciaespinoza@forthepeople.com

within 20 days "**Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| HARVEY RUVIN<br>CLERK of COURTS | DEPUTY CLERK | 2/15/2022 |

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/16                                    Clerk's web address: www.miami-dadeclerk.com

Filing # 138216135 E-Filed 11/09/2021 03:58:20 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 21-024823 CA 01 (27)

SOLOMON HUMES,

    Plaintiff,

vs.

MICHAEL TYRONE CLEMONS,
KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.,

    Defendants.

_____/

## COMPLAINT

Plaintiff, SOLOMON HUMES, by and through his undersigned attorneys, and hereby sues the Defendants, MICHAEL TYRONE CLEMONS and KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., and alleges:

1. This is an action for damages that exceeds the sum of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest and attorneys' fees. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, SOLOMON HUMES, was and is a resident of Broward County, Florida.

3. At all times material hereto, the Defendant, MICHAEL TYRONE CLEMONS, was and is a resident of Broward County, Florida.

4. At all times material hereto, the Defendant, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., was and is a foreign profit corporation and maintains a property for the regular transaction of its business in Miami-Dade County, Florida.

5. Venue is proper in this Court as the incident giving rise to this litigation occurred in Miami-Dade County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

6. On or about September 14, 2020, the Defendant, MICHAEL TYRONE CLEMONS, was the authorized operator of a 2019 Semi truck, green in color, bearing Oklahoma Vehicle License Number 3CV497, traveling southbound on Interstate 95, in Miami-Dade County, Florida.

7. At that time and place, the Defendant, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., was the owner of, the aforementioned 2019 Semi truck, green in color, bearing Oklahoma Vehicle License Number 3CV497.

8. At all times material hereto, Defendant, MICHAEL TYRONE CLEMONS, had the express and/or implied consent of the owner, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., to operate the aforesaid motor vehicle.

9. At that time and place, Plaintiff, SOLOMON HUMES, was a passenger of a 2020 Hyundai, grey in color, bearing Florida Vehicle License Number HLDH56, traveling northbound on State Road 826, in Miami-Dade County, Florida.

10. At the aforementioned roadways, there was a collision between the respective vehicles of the Defendant, MICHAEL TYRONE CLEMONS, and Plaintiff, SOLOMON HUMES. As such, Plaintiff, SOLOMON HUMES, sustained significant, permanent bodily injuries.

## COUNT I – PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT, MICHAEL TYRONE CLEMONS

Plaintiff, SOLOMON HUMES, hereby incorporates and re-alleges paragraphs 1 through 10 above as though they had been set forth herein and further states:

11. At all times material hereto, the Defendant, MICHAEL TYRONE CLEMONS, negligently operated and/or maintained said motor vehicle so that it collided with the vehicle operated by Plaintiff, SOLOMON HUMES.

12. As a direct and proximate result of said negligence, Plaintiff, SOLOMON HUMES, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of future earning capacity. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, SOLOMON HUMES, demands judgment in his favor against the Defendant, MICHAEL TYRONE CLEMONS, in excess of the minimum jurisdictional limits

of this Court for compensatory damages, including incidental and consequential damages, post-judgment interest, costs, attorney's fees, and for any other relief this Court deems just and proper.

### COUNT II – PLAINTIFF'S CLAIM OF VICARIOUS LIABILITY AGAINST KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.

Plaintiff, SOLOMON HUMES, hereby incorporates and re-alleges paragraph 1 through 12 above as though they had been fully set forth herein and further states:

13. At all times material hereto, the Defendant, KNIGHT-SWIFT TRANSPORTATION HOLDING, INC., did knowingly permit and entrust their motor vehicle to the Defendant, MICHAEL TYRONE CLEMONS, thereby resulting in the collision with the vehicle operated by Plaintiff, SOLOMON HUMES.

14. At all times material hereto, the Defendant, MICHAEL TYRONE CLEMONS, negligently operated and/or maintained his motor vehicle so that it collided with Plaintiff, SOLOMON HUMES.

15. As a result of said negligence, Plaintiff, SOLOMON HUMES, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, SOLOMON HUMES, demands judgment in his favor against the Defendant, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., in excess of the

minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgment interest, costs, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues triable as of right by jury.

Dated this 9th day of November 2021.

/s/ Marcel Flemming
MARCEL FLEMMING, ESQ.
FBN: 41001
Morgan & Morgan
703 Waterford Way, Suite 1050
Miami, FL 33126
Phone: (305) 929-1900
Fax: (305) 929-1946
Attorneys for Plaintiff
E-Mail: mflemming@forthepeople.com
icabrera@forthepeople.com
cgarciaespinoza@forthepeople.com